UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN FRANKLIN, ET AL. ,

Plaintiff,

v.

KING COUNTY,

Defendant.

Case No. C26-4336-SKV

ORDER ON APPLICATON FOR COURT-APPOINTED COUNSEL

Before the Court is Plaintiff's Application for Court Appointed Counsel in Title VII Action. Dkt. 7. Having considered that motion, the Court finds as follows:

Plaintiff proceeds under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*), the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 *et seq.*), the American with Disabilities Act of 1990 (42 U.S.C. § 12112 *et seq.*); and related Washington state law. Dkt. 1-1 at 3–4. He alleges disability discrimination, failure to accommodate, workplace harassment, unequal treatment, and retaliation. *Id.* at 1. Before filing this action, Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), which was dismissed without "determination about whether further investigation would establish violations of the statute." *Id.* at 9. The EEOC provided him with a Determination and Notice of Rights letter on September 10,

2026. *Id.* This Court granted Plaintiff leave to proceed *in forma pauperis*, Dkt. 5, and the Court now considers his request for appointment of counsel.

Civil litigants do not have a constitutional right to court-appointed counsel. *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 2021). Under 28 U.S.C. § 1915(e)(1), courts have discretion to request the appointment of counsel for an indigent litigant under "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist, courts consider whether (1) a plaintiff is likely to succeed on the merits, and (2) a plaintiff has the ability to articulate his or her claims pro se in light of the complexity of the legal issues presented in the case. *Id.*

Additionally, in Title VII cases, the Court may appoint counsel "upon application by the complainant and in such circumstances as the court may deem just." *Watkins v. Wesley Homes*, 2:25-CV-00290-LK, 2025 WL 790071, at *1 (W.D. Wash. Mar. 12, 2025) (quoting 42 U.S.C. § 2000e-5(f)(1)). When considering such requests, courts assess the applicant's financial resources, efforts the applicant has made to secure counsel, and whether the claim has merit. *Id.* (quoting *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981)).

Plaintiff does not currently meet the Title VII requirements for appointed counsel. Plaintiff's financial situation weighs in favor of appointment of counsel, but the remaining factors do not. In describing his efforts to secure counsel, Plaintiff states that he tried to retain counsel in connection with his EEOC claim and that he more recently contacted twenty law firms. Dkt. 4 at 2. While this is a significant number of firms, without further description of these efforts and why they were not met with success, the Court is not satisfied that Plaintiff has diligently attempted to retain counsel. *See Kucuk v. Cent. Washington Univ.*, C17-1262JLR, 2018 WL 513593, at *1 (W.D. Wash. Jan. 23, 2018) (noting that plaintiff "does little to explain or detail his efforts" to

contact "over a dozen" lawyers and does not indicate whether he sought out attorneys who handle employment, contingency fee, or pro bono cases); *but see Bradshaw*, 662 F.2d at 1319 (plaintiff's affidavit attesting to contacting more than ten attorneys "each of whom declined to represent her except upon financial terms that she was unable to meet" showed diligent effort).

Similarly, the Court cannot determine that Plaintiff is likely to succeed on the merits. Plaintiff describes instances in which his former employer "was aware of work-related medical conditions . . . and requests for reasonable accommodation," but failed to accommodate his needs, subjected him to unfair and harassing treatment because of his conditions, failed to take appropriate action when he formally complained, and retaliated. Dkt. 1-1 at 5–8. He says that he has evidence in the form of emails and employee records. Dkt. 4 at 2. He is not able to point to any agency's determination supporting the merits of the claim, and he provides no additional statement as to why the claim has merit. *Id.* "The Court cannot weigh the merits of [Plaintiff's] claims on the undeveloped, limited record before it," because he has not "provided any compelling arguments or evidence that this case is likely to succeed on the merits." *Watkins*, 2025 WL 790071, at *2.

Finally, as to the non-Title VII claims, Plaintiff has not shown that exceptional circumstances warrant appointment of counsel. The allegations are not atypical of those raised in this type of litigation or especially complex, and Plaintiff states them clearly, suggesting a general ability to effectively articulate his claims. On the face of the Application, therefore, there is no basis to conclude that exceptional circumstances warrant the appointment of counsel here.

For the reasons stated, the Court DENIES Plaintiff's motion, Dkt. 7, without prejudice.

Dated this 17th day of November, 2026.

S. KATE VAUGHAN
United States Magistrate Judge